T. C. COLEMAN *v.* WILLIAM ROSS ET AL.

**Lis Pendens—Attachment—Another Suit Pending.**

Where, in an attachment proceeding, a defendant answers, admitting owning property referred to in another suit pending against him, this is held sufficient to constitute a lis pendens under the attachment.

**Laches.**

An answer filed to an attachment suit three months after service of process, and the cause submitted in six months, held not laches.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHY. DIV.

May 24, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

After the recovery of a judgment by appellee against George W. Warnack and a return of *nulla bona* by the proper officer on an execution issued thereon, this suit in equity was instituted by appellee against Warnack and others under *Sec. 474, Civil Code,* for the discovery of any money, choses in action, equitable, or legal interests, and all other property to which said Warnack was entitled, and to subject the same to the satisfaction of his judgment. On the filing of the petition four copies of the summons with attachment endorsed as the clerk certifies issued, with the marshal of the Louisville chancery court returned, executed on John Barks, February 20, 1869; on John McBrayer, March 1, 1869; on E. D. Force, March 5, 1869, by delivering to each a copy, and George Warnack absent from the city.

May 21, 1869, the defendant Warnack filed his answer, in which, after stating that the debt was created by a bill drawn by one Fletcher, accepted by him, and payable to and endorsed by appellee, for the accommodation of said Fletcher, who received the whole of the money, and that appellee and himself were the joint sureties of said Fletcher on said bill, to enable him to raise money, and that he was only liable to appellee for one-half of said debt, according to a verbal agreement made by Ross and himself at the time said bill was drawn and accepted. He avers that he owns the property mentioned in the decree of this court (the Louisville chancery court), in the case of J. Burks, &c., against

him, or the equity of redemption therein, except the household and other personal property, which was sold by the marshal of this court; and has no other property, that he is engaaged in the business of commission merchant in partnership with Robert H. Love, which yields an annual income to him of about $1,200, but he has no capital in the firm, and is indebted to it in the sum of $639.74; that he has an open account on one George O. Tuck for $6,465.67, which he conisders worthless, said Tuck being insolvent.

The record shows that on the 2nd day of July, 1869, the cause was submitted, and on the 18th of September following appellant moved the court to allow him to file his petition, and that the motion was set for hearing on the 20th of the same month, but it does not appear in the record that the motion was ever heard, and no order appears to have been made in the case until the 20th of December, when two exhibits were filed by defendant, and on the 4th of February, 1870, the cause, on motion of *defendant,* was submitted; on the 11th of the same month Coleman moved to file his petition *nunc pro tunc* as of the 28th ult., and on the same day it was ordered that the case of John Burks, guardian, against G. W. Warnack, *No. 22,328,* be heard with this. Still no leave appears to have been given Coleman to file his petition, nor is there any order noting the filing of it; but a paper is copied into the record purporting to be the petition of T. C. Coleman, in which it is alleged that he disputes the validity of the attachment set up and relied upon in this suit, as claimed to have been levied upon a parcel of land, which he described by metes and bounds, and avers contains 22¾ acres and claims that he had purchased said land.

That in an action of himself against G. W. Warnack, &c., he recovered a judgment against him, upon which he sued out an execution directed to the sheriff of Jefferson county, who levied it on the 22¾ acres of land above described, that on a return of said execution a *venditioni exponas* issued, by virtue of which said land was sold, and he became the purchaser thereof. That he is advised that William Ross claims to have a lien on said land by virtue of an order of attachment issued in the suit of himself against Warnack, which appellee alleges, the marshal of said court levied on said land, but he denies that the marshal ever made sufficient levy on the land, and concludes with a prayer that

the court set aside the return of the marshal on the order of attachment, and adjudged his, the superior claim to the land.

The court below after having rendered judgment in favor of Coleman, set it aside, on a petition for a rehearing, and subjected the land to the payment of Ross' debt, and from that judgment Coleman has appealed.

As the parties treated appellant's petition as properly filed, and as constituting a part of the pleadings in the case in the court below, this court will regard all irregularities as waived, and proceed to consider and dispose of the case on its merits.

Although Warnack refers to the lands he owned in his answer, as being properly described in the suit of J. Burks, &c., against him, and by referring to that suit appellee could have ascertained precisely what lands he had mortgaged, and that the 22¾ acres were not encumbered, still the original petition was never amended.

We do not regard the marshal's return on the attachment as showing that he had levied on the same land, it is wholly insufficient for that purpose; and the only question is, whether appellee had a *lis pendens,* at the time appellant's petition was placed in the papers of the suit, for if he had not the judgment cannot be sustained.

By appellee's petition, which was filed some months before the execution of appellant's issued, he called on the debtor Warnack to discover what choses in action, money, and property he had. In his answer, Warnack by reference to the decree in a suit in the same court discloses that he has this land.

Certainly if he had in that answer, stated in direct terms that he owned 22¾ acres of land, describing its location, the court could have rendered judgment, and would have been authorized to have subjected it to sale, under the *section of the Civil Code supra* to pay appellee's debt.

Warnack was the owner of the land at the time the petition for a discovery was filed, and it was subject to his debts, there was a *lis pendens,* to reach it in the mode pointed out by law, and to that litigation appellant sought to be made a party after the discovery had been made sufficient to authorize a judgment, and that too after the cause had been submitted on final hearing.

The original petition was answered by Warnack within three months after it was filed, the cause submitted in less than six

months, and appellee entitled to judgment before appellant's execution was levied on the land through which he claims title.

There was no laches in the prosecution of the suit, certainly none such as to perfect any rights acquired by the institution of the suit, and the discovery though indirect was as effectual for the purpose of the suit as if it had described the land in language direct and positive.

Perceiving, therefore, no error prejudicial to appellant, the judgment must be *affirmed*.

*L. S. Hardin, for appellant.*

*Bann & Goodloe, Humprheys, for appellee.*